UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNIE SPELLS, on behalf of himself and all similarly situated employees, ) ) ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | **JURY TRIAL DEMAND** |
| ) | |
| ELITE ENGINEERING, INC., ) JOHN URSO and GINA URSO, ) ) | |
| Defendants. ) | |

# COMPLAINT

Plaintiff Lonnie Spells, individually and on behalf of other similarly situated cable television installation technicians employed during the relevant limitations periods, states as follows for his Complaint against Defendants Elite Engineering, Inc., John Urso and Gina Urso:

## PRELIMINARY STATEMENT

1. Defendants own and operate a cable television installation and repair business maintaining its principal place of business in Schaumburg, Illinois, which provides cable installation and repair services to Defendants' customers in various states, including but not limited to Wisconsin.

2. To perform their business, Defendants employ cable television installation technicians (collectively "Technicians") in various states, including but not limited to Wisconsin.

3. Defendants have typically scheduled the Technicians to work more than 40 hours per week.

4. Defendants have misclassified the Technicians as "independent contractors."

5. Based on that misclassification of the Technicians, the Technicians have not been paid overtime wages.

6. Plaintiff seeks to pursue the overtime claims as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and as a class actions under Wisconsin's overtime wage laws ("WOWL"), Wis. Stat. § 103.01 *et seq.*, to recover unpaid overtime pay and other damages owed to himself and similarly situated Technicians.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

8. Jurisdiction over Plaintiff's WOWL claim is based on Wis. Stat. § 109.03(5) and 28 U.S.C. § 1367 (pendent claims).

9. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant Elite Engineering, Inc. maintains its principal place of business in this District, Defendants John and Gina Urso reside in this District, Defendants ultimately operate their cable television installation and repair business from this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## PARTIES

10. Defendant Elite Engineering, Inc. ("Elite Engineering") is an Illinois corporation maintaining its principal place of business in Schaumburg, Illinois, which has conducted a cable television installation and repair business in various states, including but not limited to Wisconsin. Elite Engineering may be served via its Registered Agent Richard Miller at 1051 Perimeter Dr., Ste 400 in Schaumburg, Il or wherever he may be found.

11. Defendant John Urso, president of Elite Engineering, is individually liable as an "employer" under the broad definitions provided by the FLSA and WOWL because he is an owner and manager of Elite Engineering; he holds supervisory authority over the Technicians; he maintains control over employment practices, including but not limited to, worker classification and compensation; and he is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d). Defendant John Urso may be served at 4 Wind Ridge in South Barrington, IL, or wherever he may be found.

12. Defendant Gina Urso, CEO of Elite Engineering, is individually liable as an "employer" under the broad definitions provided by the FLSA and WOWL because she is an owner and manager of Elite Engineering; she holds supervisory authority over the Technicians; she maintains control over employment practices, including but not limited to, employee classification and compensation; and she is at least partly responsible for the violations alleged herein. 29 U.S.C. § 203(d). Defendant Gina Urso may be served at 4 Wind Ridge in South Barrington, IL, or wherever she may be found.

13. From about March 2017 through December 2019, Plaintiff Lonnie Spells was employed by Defendants as a Technician. From about March 2018 to December 2018, Plaintiff worked for Defendants as a Technician in Wisconsin. Plaintiff's consent to bring the FLSA claim asserted herein is attached as "Exhibit 1."

**PERTINENT FACTS**

*Defendants' Business*

14. Defendants operate a cable television installation and repair business, including operations in various states, including but not limited to Wisconsin.

15. Defendants employ numerous Technicians, including but not limited to employment of Technicians in Wisconsin.

16. The Technicians perform the same primary job duty of installing and repairing cable television service for Defendants' customers.

17. Defendants uniformly misclassify the Technicians as "independent contractors."

*Work Time*

18. Plaintiff and Defendants' other Technicians misclassified as "independent contractors" typically worked more than 40 hours per week.

*No Overtime Pay*

19. The Technicians have not received overtime compensation due to Defendants' misclassification of them as "independent contractors."

*Defendants' Treatment of the Technicians*

20. Defendants have similarly treated the Technicians as employees as:

   (a) The Technicians have been economically dependent on Defendants;

   (b) Defendants have scheduled the Technicians to work full time or longer hours, thereby precluding the Technicians from earning substantial income from other sources or engaging in substantial independent business activities;

   (c) The Technicians' work, assigned by Defendants, has constituted an integral part of Defendants' business and/or Defendants have assigned the Technicians to perform Defendants' core business activity of installing and repairing cable television service for Defendants' customers;

   (d) The Technicians do not exercise managerial skill which affects their opportunity for profit or loss;

   (e) The Technicians do not hold meaningful opportunity for profit or loss as part of their duties performed for Defendants;

(f)     The Technicians have been compensated through a "piece rate" pay plan, such that the Technicians have no opportunity to increase earnings based on entrepreneurial or business skills;

(g)     The Technicians do not hire helpers or subordinates to assist them with providing Defendants' services to Defendants' customers;

(h)     The Technicians do not solicit additional work for themselves from Defendants' customers or others;

(i)     The Technicians have not advertised their services as cable television installers;

(j)     The Technicians have not purchased or maintained inventories of cable television parts or equipment for sale or distribution to customers, as such parts are provided by Defendants to the Technicians;

(k)     The Technicians have not rented, leased or purchased retail, warehousing or other commercial space to maintain inventories of cable television parts or equipment to sell to customers;

(l)     The Technicians have not scheduled installations or managed time tables for installation or repair of cable television service to Defendants' customers;

(m)     The Technicians have invested relatively small amounts in equipment and supplies needed to perform their duties for Defendants compared to the value of Defendants' investments in its own business, inventory, premises, operating systems, equipment, advertising, name recognition, goodwill, labor, overhead, etc.;

(n)     The Technicians' employments have typically lasted relatively long-term, such as Plaintiff's more than two and one-half years of service for Defendants; and

(o)     Defendants maintain the ability to exercise meaningful control, and do exercise meaningful control, over the Technicians, including, but not limited to:

    (i)     Defendants assign the Technicians' work schedules;

    (ii)     Defendants assign the Technicians to particular tasks;

    (iii)     Defendants assign time frames for the Technicians' tasks;

    (iv)     Defendants have required the Technicians to log in to computer systems by specified times;

(v) Defendants have required the Technicians to be in route to job sites by specified times;

(vi) Defendants have required the Technicians to arrive at job sites by specified times;

(vii) Defendants require the Technicians to appear at specified times and locations to attend meetings regarding work issues;

(viii) Defendants have required the Technicians to return parts and equipment at specified times and locations;

(ix) Defendants have instructed the Technicians how to perform their jobs, including requiring them to observe other Technicians or managers until they are able to install cable television service by themselves;

(x) Defendants have monitored and supervised the work of the Technicians, including follow-up visits by supervisors who photograph and critique the Technicians' work;

(xi) Defendants have required the Technicians to photograph their work, then send those photographs to Defendants' supervisors for critique;

(xii) Defendants have required the Technicians to photograph customers' homes;

(xiii) Defendants have required the Technicians to take photographs to document the reasons why homes are not serviceable;

(xiv) Defendants have required the Technicians to submit meter readings from job sites;

(xv) Defendants assign the Technicians to return to job sites to correct their work;

(xvi) Defendants have warned the Technicians of discipline based on their performance and/or conduct, including, but not limited to, warning some of the Technicians of suspension, having their routes or assigned jobs taken away, and termination;

(xvii) Defendants have disciplined some of the Technicians based on performance and/or conduct, including, but not limited to, refusing to assign some of them work for specified intervals of time (effectively suspension);

(xviii) Defendants have required the Technicians to acknowledge their job assignments by a certain time;

(xix) Defendants have required the Technicians to report their estimates times of arrival ("ETAs") at assigned worksites;

(xx) Defendants have required the Technicians to verify that they are in route to job assignments;

(xxi) Defendants have required the Technicians to obtain Defendants' permission to access or begin jobs early (prior to Defendants' scheduled times);

(xxii) Defendants have required the Technicians to obtain permission to report that they have reached the end of the workday ("EOD");

(xxiii) Defendants have monitored the Technicians through a tracking application;

(xxiv) Defendants require the Technicians to log in to Defendants' computer systems from each job site;

(xxv) Defendants require the Technicians to log out from Defendants' computer systems at the end of each job;

(xxvi) Defendants have required the Technicians to inform dispatchers of their arrival at job sites;

(xxvii) Defendants have informed the Technicians that they are running behind Defendants' schedules;

(xxviii) Defendants have instructed the Technicians to go to the next job site;

(xxix) Defendants have provided the Technicians instruction on how to communicate with customers.

(xxx) Defendants have required the Technicians to use Defendants' paper and computerized business forms;

(xxxi) Defendants have required the Technicians to request time off from work in advance;

(xxxii) Defendants evaluate the Technicians' performance based on quality standards, completion rates, and rates of return visits to job sites;

(xxxiii) Defendants assign each Technician to a particular supervisor or supervisors;

      (xxxiv) Defendants require the Technicians to place an Elite Engineering magnet or decal on their vehicle; and

      (xxxv) Defendants require the Technicians to wear an Elite Engineering badge while performing work for Defendants.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

*FLSA Collective Action*

21. Plaintiff brings the FLSA claim asserted herein (Count I) as an "opt-in" collective action on behalf of all similarly situated Technicians who file a consent to join under 29 U.S.C. § 216(b).

22. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practices of failing to pay the Technicians federal overtime compensation.

23. Plaintiff and all of the other Technicians are similarly situated in that:

    (a)    They have worked for Defendants as Technicians performing Defendants' primary business, namely installing and repairing cable television service;

    (b)    Defendants have treated all of the Technicians as employees, as set forth in detail above;

    (c)    The Technicians have typically worked more than 40 hours per week during at least some workweeks; and

    (d)    The Technicians have been denied overtime pay for work in excess of 40 hours per week.

*WOWL Claim*

24. Plaintiff brings the WOWL claim asserted herein (Count II) as a class action under Fed. R. Civ. P. 23 on behalf of himself and as the Class Representative of the following persons:

All current and former Technicians who have worked in the State of Wisconsin who have been considered by Defendants as "independent contractors" at any time since the date two (2) years preceding the filing of this Complaint ("the Wisconsin Class").

25. The WOWL claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Wisconsin Class.

26. The Wisconsin Class members can be easily identified through Defendants' business records.

27. The Wisconsin Class satisfies the numerosity standard of Rule 23(a)(1) because it is comprised of at least dozens of persons who are geographically dispersed and, as a result, joinder of all Class members in a single action is impracticable.

28. Questions of law and fact common to the Wisconsin Class within the meaning of Rule 23(a)(2) include, but are not necessarily limited to:

  (a) Whether Defendants misclassified the Wisconsin Class members as "independent contractors;"

  (b) Whether they have worked for Defendants performing Defendants' primary business, namely installing cable television service;

  (c) Whether Defendants have treated them as employees;

  (d) Whether they have worked more than 40 hours per week during at least one workweek;

  (e) Whether they have been denied overtime pay for work in excess of 40 hours per week; and

  (f) Whether wages remain unpaid to the Technicians for at least 31 days beyond their regularly scheduled paydays.

29. Plaintiff's claims are typical of those of the Wisconsin Class within the meaning of Rule 23(a)(3) in that:

(a) Plaintiff and the Wisconsin Class have worked for Defendants in Wisconsin as Technicians;

(b) Plaintiff and the Wisconsin Class have performed the same primary job duties for Defendants;

(c) Plaintiff and the Wisconsin Class have been treated as employees, as set forth in detail above;

(d) Plaintiff and the Wisconsin Class have worked more than 40 hours per week during at least some workweeks;

(e) Plaintiff and the Wisconsin Class have been denied overtime pay for work in excess of 40 hours per week; and

(f) Plaintiff and the Wisconsin Class have been denied wages for at least 31 days beyond their regularly scheduled paydays.

30. Plaintiff is an adequate representative of the Wisconsin Class within the meaning of Rule 23(a)(4) because he is a member of the Wisconsin Class and his interests do not conflict with the interests of the members of the Wisconsin Class he seeks to represent. The interests of the Wisconsin Class will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

31. A class action is appropriate under Rule 23(b)(1) as the prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Wisconsin Class which would establish incompatible standards of conduct for the party opposing the class and/or adjudications

with respect to individual members of the Wisconsin Class and would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

32. Alternatively, a class action is appropriate under Rule 23(b)(3) as (a) the common questions of law or fact listed above predominate over any questions affecting only individual members and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy because the interest of members of the Wisconsin Class in individually controlling the prosecution of separate actions is minimal, there exists no other separate litigation concerning the same controversy, it is desirable to concentrate the litigation in this forum, and no substantial difficulties will be encountered in managing a class action.

## CLAIMS

### COUNT I: Violation of the FLSA

33. Plaintiff reasserts and re-alleges the allegations set forth above.

34. At all times material herein, Plaintiff and other Technicians have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

35. The FLSA regulates, among other things, the payment of overtime wages to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

36. Defendants are subject to the overtime pay requirements of the FLSA because they constitute an enterprise engaged in interstate commerce and their Technicians are engaged in interstate commerce.

37. During all times relevant to this action, Defendants have been the Technicians' "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

38. During all times relevant to this action, the Technicians have been Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

39. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Despite Defendants' misclassification of the Technicians, none of the FLSA's exemptions apply to Plaintiff or other similarly situated Technicians. *Id.*

40. Pursuant to the FLSA, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

41. Defendants violated the FLSA by failing to pay the Technicians overtime wages as required by the FLSA. 29 U.S.C. § 207(a).

42. Plaintiff and all Technicians are victims of a uniform compensation policy.

43. The Technicians are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA, and dissuaded employees from asserting their legal rights by misinforming employees that they are "independent contractors."

44. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, the Technicians are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that Defendants are not subject to an award of liquidated damages, the Technicians are entitled to an award of prejudgment interest at the applicable legal rate.

46. As a result of the aforesaid violations, Defendants are liable under 29 U.S.C. § 216(b) for Plaintiff's reasonable attorneys' fees and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated technicians demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the WOWL

47. Plaintiff reasserts and re-alleges the allegations set forth above.

48. At all relevant times herein, the Wisconsin Class has been entitled to the rights, protections, and benefits provided under the overtime provisions of the WOWL, Wis. Stat.§ 103.01 *et sq.*.

49. The WOWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. Wis. Stat.§ 103.01 *et seq.*

50. During all times relevant to this action, Defendants were the "employers" of the Wisconsin Class members within the meaning of the overtime provisions of the WOWL. Wis. Stat. §§ 103.01(1)(a) & 109.01(1r).

51. During all times relevant to this action, the Wisconsin Class members were subject to an "employment" relationship controlled by Defendants within the meaning of the WOWL. Wis. Stat. § 103.01(2).

52. During all times relevant to this action, Defendants were the "employers" of the Wisconsin Class within the meaning of the WOWL. Wis. Stat. § 109.01(2).

53. The WOWL exempts certain categories of employees from Wisconsin's overtime wage obligations, none of which apply to the Wisconsin Class. Wis. Admin. Code § DWD 274.04.

54. Pursuant to the WOWL, employees are entitled to be compensated at a rate of not less than one and one-half (1½) times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. Wis. Stat. §§ 103.02 & 103.025(1)(c); Wis. Admin. Code § DWD 274.03.

55. Defendants, pursuant to their policy and practice, violated the WOWL by refusing and failing to pay the Wisconsin Class overtime wages required under the overtime provisions of the WOWL. *Id.*

56. The Wisconsin Class members are victims of a uniform and employer-based compensation policy.

57. By violating Wis. Admin. Code § DWD 274.03, Defendant failed to pay to the Plaintiffs all legally owed overtime pay within 31 days of when said overtime pay was earned, in violation of Wis. Stat. § 109(1).

58. The Wisconsin Class is entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling. Wis. Stat. § 109.03(5).

59. The Wisconsin Class is entitled to civil penalties equal to fifty percent (50%) of the amount of wages due and unpaid. Wis. Stat. §§ 109.03(5) & 109.11(2).

60. Defendants are liable under Wis. Stat. §§ 109.03(5) & (6) for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

61. The Wisconsin Class is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, on Count II of this Complaint, Plaintiff and the Wisconsin Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) civil penalties under Wis. Stat. §§ 109.03(5) & 109.11; (3) costs and reasonable attorneys' fees allowed by Wis. Stat. §§ 109.03(5) & (6); (3) pre-judgment and post-judgment interest as provided by law; and (4) such other relief as the Court deems fair and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEINHAUS & POTASHNICK**

*s/ Mark Potashnick*
Mark Potashnick, Illinois Bar # 6271083
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 984-810
markp@wp-attorneys.com

**FORESTER HAYNIE PLLC**
Meredith Black-Mathews
Texas Bar No. 24055180
(*pro hac vice* application forthcoming)
Texas Bar No. 24055180
400 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
mmathews@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFFS**