```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| DAVID LECHUGA and SHAMSADIN MUHAMMAD, on behalf of themselves and all similarly situated employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20 C 3378 |
| ELITE ENGINEERING, INC., et al., | ) ) ) | |
| Defendants | ) ) | |

<u>Memorandum Opinion and Order</u>

The amended complaint in this case alleges that plaintiffs are cable technicians who worked as de facto employees for Elite Engineering but were not paid as required by the Fair Labor Standards Act because they were misclassified as independent contractors. Plaintiffs seek to represent all similarly situated individuals in a collective action under the FLSA as well as in a class action under the laws of Missouri, New York, Ohio, and Wisconsin. Before me is plaintiffs' motion for conditional certification of their federal claim, disclosure of putative class members' names and contact information, and Court-authorized notice pursuant to 29 U.S.C. § 216(b). The motion is granted for the following reasons.

The FLSA "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Because the statute does not delineate collective action procedures, district courts have "wide discretion to manage collective actions." *Id*. at 449 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)). Courts in this district employ a "two-step process" to decide whether the suit should proceed as a collective action. *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008)

The first step is conditional certification, "a mechanism used by district courts to establish whether potential plaintiffs in the FLSA collective action should be sent a notice of their eligibility to participate and given the opportunity to opt in to the collective action." *Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 974 (7th Cir. 2011). At the conditional certification stage, plaintiffs must make a only a "modest factual showing" to demonstrate that they and other potential claimants "were victims of a common policy or plan that violated the law." *Russell v. Ill. Bell. Tel. Co.*, 575 F. Supp. 2d. 930, 933 (N.D. Ill. 2008). Plaintiffs can satisfy this standard by offering "some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated

2

the law." *Lieberman v. Altounion Constr., Inc.*, No. 19-CV-0910, 2019 WL 6467321, at *2 (N.D. Ill. Dec. 2, 2019) (citations omitted).

The theory of plaintiffs' case is that defendants avoided paying them overtime wages as required by the FLSA by misclassifying them--and other cable technicians who performed similar work--as independent contractors. Plaintiffs offer declarations in which they state that they and other cable technicians were commonly assigned to work in excess of 40 hours a week, but that they were paid on a "per piece" basis and did not receive overtime compensation. They offer evidence of defendants' common practices of assigning, scheduling, monitoring, and supervising the work of cable technicians. Their declarations attest to the many ways in which defendants exercised control over the cable technicians' work, including by assigning their schedules and routes, the times they were required to log in and out of defendants' computer system, and the jobs they were to perform. Additionally, plaintiffs state that defendants directed and supervised the manner in which cable technicians performed their work, including through written instructions, and warned them of discipline that could result from their failure to perform to defendant's standards. In addition to their declarations, plaintiffs offer voluminous transcripts of electronic communications reflecting instructions from supervisors to cable

3

technicians regarding these issues and others. These materials amply suffice to suggest the existence of a common practice in violation of the FLSA.[1]

Defendants do not confront any of this evidence or offer any basis for concluding that plaintiffs are not similarly situated to other cable technicians who performed services for defendants. Instead, defendants contest the merits of plaintiffs' FLSA claim, pointing to contracts that they assert establish business-to-business relationships between Elite (or one of its subsidiaries) and businesses owned by plaintiffs. At this stage, however, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855–56 (N.D. Ill. 2013) 1992)).

---

[1] Although the merits of plaintiffs' FLSA claim are not at issue at this stage, the substantive law provides a framework for assessing the evidence offered to show that plaintiffs and potential opt-ins are similarly situated. In Secretary of Labor, U.S. Dep't of Labor v. Lauritzen, 835 F.2d 1529, 1534 (7th Cir. 1987), the Seventh Circuit articulated a list of six factors courts may use to evaluate the true nature of the parties' relationship. These are: "1)the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; 4) whether the service rendered requires a special skill; 5) the degree of permanency and duration of the working relationship; [and] 6) the extent to which the service rendered is an integral part of the alleged employer's business." *Lauritzen*, 835 F.2d at 1534-35.

For the foregoing reasons, I conclude that conditional certification of plaintiffs' FLSA claim is warranted. And because defendants offer no response at all to plaintiffs' request for an order: a) compelling defendants to identify to plaintiffs' counsel, within fourteen days, all of the cable technicians defendants classified as independent contractors in the past three years; and b) directing issuance of class notice in the form of "Exhibit E" to their motion, it is so ordered.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: October 27, 2020