# **<u>EXHIBIT 1</u>**

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between named plaintiffs David Lechuga and Shamsudin Muhammad (the "Named Plaintiffs"), on behalf of himself and Class (as herein defined), on the one hand, and Defendants Elite Engineering, Inc., John Urso and Gina Urso (collectively "Defendants"), on the other.

## RECITALS

WHEREAS, the original named plaintiff, Lonnie Spells filed a Complaint against Defendants in the U.S. District Court for the Northern District of Illinois entitled *Lonnie Spells, individually and on behalf of all others similarly situated v. Elite Engineering, et al.*, Civil Action No. 1:20-cv-03378-EEB-BWJ ("the Litigation"); and

WHEREAS, the original Complaint filed in the Litigation asserted collective action claims under the Fair Labor Standards Act ("FLSA") and class action claims under the Wisconsin's overtime wage law ("WOWL"), Wis. Stat. § 103.01 *et seq.*, alleging misclassification of Defendants' cable television installation technicians (collectively "the Technicians") and seeking recovery of actual damages, liquidated damages, interest, and attorneys' fees and costs on behalf of the Technicians;

WHEREAS, Plaintiffs David Lechuga and Shamsadin Muhammad were substituted as named Plaintiffs through the filing of a First Amended Complaint on August 7, 2020, causing the Litigation to be recaptioned *David Lechuga, individually and on behalf of all others similarly situated v. Elite Engineering, et al.*, Civil Action No. 1:20-cv-03378-EEB-BWJ, in which Plaintiffs Lechuga and Muhammad asserted a collective action claim under the Fair Labor Standards Act ("FLSA") and class action claims under the Missouri Minimum Wage Law ("MMWL"), R.S. Mo. § 290.500 *et seq.*, Ohio's overtime pay law, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, the New York Labor Law ("NYLL"), NYLL §§ 650 *et seq.*, and the WOWL. Plaintiff Lechuga further sought statutory damages on behalf of Technicians who had worked for Defendants in the state of New York for failure to provide compliant wage notices and wage statements in violation of NYLL § 195;

WHEREAS, the collective action claim was conditionally certified by Order of the Court dated October 27, 2020;

WHEREAS, Defendants deny all of Plaintiffs' allegations in the Litigation and deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, without admitting or conceding liability, wrongdoing, or damages, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden and expense of continuing the Litigation; and

WHEREAS, Plaintiffs' Counsel have vigorously litigated this case, have analyzed voluminous communications between Defendants and the Technicians, have examined work records produced by Defendants, and have interviewed numerous technicians regarding the claims;

1

WHEREAS, Plaintiffs' Counsel have thoroughly analyzed and evaluated the merits of the claims against Defendants, the merits of Defendants' responses to those claims and their potential defenses, the potential damages to be recovered at a trial, and the impact of this Agreement on the Named Plaintiffs and the Class sought; and

WHEREAS, based on their analysis and evaluation of relevant factors, and recognizing the risks of continued litigation, including the possibility that the Litigation, if not settled now, might result in no recovery whatsoever for the Named Plaintiffs and the Class sought, might result in a recovery less favorable to them, might result in a recovery more favorable to them, and that any recovery of damages would not occur for several years, counsel for the Parties are satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and Plaintiffs' Counsel is satisfied that this Agreement is in the best interest of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions, subject to dismissal of the Litigation with prejudice:

**1.     DEFINITIONS**

The terms set forth herein shall have the meanings ascribed to them below.

"**Class**" means all Technicians who performed work for Defendants between June 8, 2017 and December 4, 2021 and all persons who have previously filed with the Court a consent to join the FLSA claim asserted in the Litigation.

"**Complaint**" means the First Amended Complaint on file in the Litigation.

"**Defendants**" means Elite Engineering, Inc., John Urso and Gina Urso and their related entities.

"**Defendants' Counsel**" means Miller Law Firm, P.C.

"**Litigation**" means *David Lechuga, et al., individually and on behalf of all others similarly situated v. Elite Engineering, et al*, pending before the U.S. District Court for the Northern District of Illinois, Civil Action No. 1:20-cv-03378 -EEB-BWJ.

"**Named Plaintiffs**" means David Lechuga and Shamsudin Muhammad and includes any and all representatives, administrators, heirs, executors, beneficiaries, agents, attorneys, and assigns, as applicable and without limitation.

"**Class**" means all Technicians who have performed work for Defendants since June 8, 2017 and all persons who have filed a consent to join this claim.

"**Parties**" means the Named Plaintiffs, the Class and Defendants.

"**Plaintiffs' Counsel**" means Forester Haynie PLLC and Weinhaus & Potashnick.

"**Released Parties**" means Elite Engineering, Inc., John Urso and Gina Urso and their related entities, along with their respective owners, members, stockholders, franchisor (and their related entities), predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, insurers, subsidiaries, affiliates, and all persons acting by, through, under or in concert with it.

"**Total Settlement Amount**" means the total payments required of Defendants under this Agreement and for purposes of calculating the gross settlement amount, which shall not exceed $400,000.00.

## 2. SETTLEMENT TERMS

### 2.1 Settlement Payments.

(A) Subject to final court approval, Defendants agree to fully and finally resolve and satisfy any and all claims by the Named Plaintiffs and the Class asserted in the Litigation, inclusive of attorney's fees, costs and service awards, and the parties agree to the release per Sections 3.1 below. The Total Settlement Amount shall be comprised of the following:

  (1) $225,000.00 as and for damages;

  (2) Service awards to Named Plaintiff David Lechuga of $5,000.00 and to Named Plaintiff Shamsudin Muhammad of $2,000.00.00 each;

  (3) $160,000.00 as and for Plaintiff's Counsel's attorney's fees, which Defendants will not contest, which is equal to 40% of the Total Settlement Amount

  (4) $2,892.50 as and for Plaintiff's Counsel's litigation costs; and

  (5) Settlement administrative costs not to exceed $3,800.00;

(B) The amount of damages $225,000.00 shall be distributed as follows:

  (1) For each Class member, the total number of days worked for Defendants since June 8, 2017 (according to Defendants' pre-mediation disclosures) shall be his or her "Individual Work Days"

  (2) The aggregate of all Individual Work Days among all Class members shall be the "Class Work Days."

  (3) Each Class member's Individual Work Days shall be divided by the Class Work Days to obtain his or her "Payment Ratio."

  (4) Each Class member's Payment Ratio shall be multiplied by the amount of $225,000.00 to calculate his or her Individual Settlement Payment.

3

(5) Each Class member's Individual Settlement Payment will be at least $100.00 and all persons who filed a consent to join but were not included in Defendants' pre-mediation disclosures served December 4, 2020 shall receive the minimum payment of $100.00 each.

(6) All Class members who submit a timely claim form within 60 days of dissemination of Court-approved notice to the Class shall be paid their Individual Settlement Payment, subject to review by Defendants' counsel, and subject to the Court's final approval of the parties' settlement.

(C) All other payments required by this Agreement shall be remitted to Plaintiffs' Counsel within 40 days of the Court's final approval of the parties' settlement.

(D) Defendants shall retain all damages not claimed by Class members.

(E) The minimum claim rate shall be 30% and the maximum damages claim rate shall be 45%. If less than 30% of damages are claimed, then each claimant's share of the damages shall be proportionately increased so that the total damages claimed are equal to 30% of the damages available for claims. If more than 45% of damages are claimed, then each claimant's share of the damages shall be proportionately reduced so that the total damages claimed are equal to 45% of the damages available for claims.

(F) Defendants shall have the right to revoke the agreement if 10% or more of the Class Members opt out.

## 2.2 Nature of Payments / Taxation of Settlement Disbursements.

(A) Half of each Class member's Individual Settlement Payment claimed shall be classified as wages, subjected to payroll and income taxes, and reported on an IRS Form W-4 and the other half each Class member's Individual Settlement Payment claimed shall be classified as liquidated damages and shall be reported on an IRS Form 1099. Income taxes shall be deducted according to each Class member's most-recent IRS Form W-4 submitted to Defendants. Class Members who submit a claim shall submit an IRS Form W-4 and an IRS Form W-9 with their claim form.

(B) The Parties agree that, for tax purposes, the service award to the Named Plaintiffs under Section 2.1(C) above shall be treated as non-employee income and Defendants shall issue Travis Varble an IRS Form 1099 in the amount of his service award.

(C) The attorney's fees and litigation costs shall be reported on IRS Forms 1099 to Plaintiffs' counsel.

(D) Class members shall be solely and exclusively responsible for all taxes, interest and penalties, if any, of any nature, owed with respect to any payment received by them under this Agreement reported on an IRS Form 1099, and they shall hold Defendants and Plaintiffs' Counsel harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of their failure, if any, to timely and properly pay such taxes.

4

## 3. RELEASE

**3.1 Court Approval and Release of Claims.**

(A) This agreement is subject to court approval. In the event the Court fails to enter an order approving the settlement in accordance with the agreement the Parties will: (a) jointly seek reconsideration or appellate review of the decision denying approval of the settlement, or (b) attempt in good faith to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

(B) Each Class member releases all claims accrued through February 16, 2021, that were or could have been made against the Released Parties in this Litigation, or similar wage-based claims, based on the same facts alleged in the Complaint, including all claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., and state wage and hour laws, whether known or unknown, including but not limited to any and all claims arising out of any federal or state wage or minimum wage or overtime pay laws; any and all claims for breach of contract; any and all claims for unpaid or underpaid employee expense reimbursement; any and all claims for unjust enrichment; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Released Parties.

(C) Defendants will include in the envelope containing the check to each Class member who claims funds under this settlement the language of this release provision along with an explanation that each Class member is bound by the terms of this Agreement and specify the Release of Claims provision set forth in this Section.

**3.2 Release of Fees and Costs.** Plaintiffs' Counsel and the Named Plaintiffs, on behalf of the Class, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they have or may have against Defendants for attorneys' fees, costs, or expenses associated with this Litigation, including but not limited to those attorneys' fees, costs, or expenses associated with Plaintiffs' Counsel's representation of the Named Plaintiffs and the Class in this Litigation. Plaintiffs' Counsel further understand and agree that any fee and costs payments provided for herein will be the full, final, and complete payment of all attorneys' fees, costs, and expenses associated with Plaintiffs' Counsel's representation of these persons in this Litigation.

**3.3 No Assignment.** The Named Plaintiffs, on behalf of Class, represents and warrants that he has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation.

**3.4 Non-Admission of Liability.** By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to the Named Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Settlement of the Litigation and all acts performed or documents executed in furtherance of this Agreement

5

or the settlement embodied herein: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants, or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c), are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class or collective action treatment other than for purposes of administering this Agreement. The Parties understand and agree that this Agreement and any exhibit hereto are settlement documents and shall be inadmissible in any proceeding for any reason.

## 4. NON-DISCLOSURE AND PUBLICITY

**4.1** Neither Named Plaintiffs nor Defendants, nor counsel to any Party, may make any public comment, make or have any communications to or with the press or media, or make any form of advertising or public announcement, utilize any form of social media or website, or issue any press release or media release, regarding the terms of this Agreement, except that Counsel may state that a settlement has been reached and the settlement amount. Notwithstanding the foregoing, the Parties shall have the right to disclose this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles and may disclose in legal proceedings a summary of the terms of this Agreement. Moreover, nothing in this paragraph prohibits Plaintiffs' Counsel from communicating with their clients or from disclosing publicly available information about this case in fee applications, websites, firm bios or individual bios.

**4.2** Nothing in this Agreement shall prohibit Counsel for the Parties from disclosing information concerning this Agreement, to their employees, or their agents to effectuate the terms of this Agreement. Moreover, nothing in this Agreement shall prohibit Defendants from disclosing information concerning this Agreement to its employees or agents to the extent necessary to effectuate the terms of this Agreement or to other individuals who otherwise have a need to know the terms of this Agreement. The Parties may also disclose information concerning this Agreement to their respective counsel and tax, audit, and legal advisors.

**4.3** Nothing in this Agreement shall prevent Defendants or Defendants' Counsel from making any necessary, appropriate, or required disclosures to Defendants' regulators, auditors, bankers, and the like, or from complying with their obligations under the law.

**4.4** Plaintiffs' Counsel will promptly notify Defendants' Counsel of any third-party legal demand that they disclose information pertinent to the settlement or this Agreement.

## 5. MISCELLANEOUS

**5.1** **Cooperation Between and Among the Parties; Further Acts.** The Parties agree to stipulate to Rule 23 class certification under relevant state laws and FLSA collective action certification for purposes of settlement only and they agree to cooperate fully with each

other in a prompt and timely manner and shall take all necessary steps to effectuate this Agreement.

5.2  **Entire Agreement.** This Agreement including any exhibits constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.3  **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length through back-and-forth negotiations. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied on by the Parties in entering into this Agreement. The Parties have been represented and assisted by counsel through the negotiation and drafting of this Agreement.

5.4  **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect on the construction or interpretation of any part of this Agreement.

5.5  **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.6  **Costs.** Except as otherwise provided herein, all Parties shall bear their own costs, expenses and attorneys' fees relating to this Agreement and the Litigation.

5.7  **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment. A failure by any party to insist on the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any and all of the provisions of this Agreement.

5.8  **Effective Date; Counterparts.** This Agreement shall become effective upon its execution. Named Plaintiffs and Defendants may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Named Plaintiffs and Defendants signed the same instrument.

5.9  **Signatures, Transmittals, Electronic Copies and Facsimiles.** Once a party has executed this Agreement, that signature page may be transmitted by email or facsimile to counsel for the other party. Any signature made and transmitted by email or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the party whose counsel transmits the signature page by email or facsimile.

5.10  **Authority of Corporate Signatories.** Defendants represents and warrants that it is a corporation, existing and in good standing under the laws of its state of formation, and that the person executing this Agreement on its behalf is fully authorized to bind the Defendants.

5.11  **Binding Effect.** This agreement shall be binding upon and inure to the benefit of the Parties, their successors, assigns, heirs, executors, administrators, and legal representatives of the Parties hereto.

*[Signature pages to follow]*

DATED: _____  DEFENDANT ELITE ENGINEERING, INC.

By: _____

Printed Name _____

DATED: _____  DEFENDANT JOHN URSO, individually and on behalf of similarly situated persons

By: _____
    John Urso

DATED: _____  DEFENDANT GINA URSO, individually and on behalf of similarly situated persons

By: _____
    Gina Urso

DATED: _____  PLAINTIFF DAVID LECHUGA, individually and on behalf of similarly situated persons

By: _____
    David Lechuga

DATED: _____  PLAINTIFF SHAMSUDIN MUHAMMAD, individually and on behalf of similarly situated persons

By: _____
    Shamsudin Muhammad

DATED: 4/20/21                     DEFENDANT ELITE ENGINEERING, INC.

By: _____

Printed Name _____

DATED: 4/20/21                     DEFENDANT JOHN URSO, individually and on behalf of similarly situated persons

By: _____
John Urso

DATED: 4/20/21                     DEFENDANT GINA URSO, individually and on behalf of similarly situated persons

By: _____
Gina Urso

DATED: _____            PLAINTIFF DAVID LECHUGA, individually and on behalf of similarly situated persons

By: _____
David Lechuga

DATED: _____            PLAINTIFF SHAMSUDIN MUHAMMAD, individually and on behalf of similarly situated persons

By: _____
Shamsudin Muhammad

9

DATED: ________________ DEFENDANT ELITE ENGINEERING, INC.

By: ______________________________

Printed Name ______________________

DATED: ________________ DEFENDANT JOHN URSO, individually and on behalf of similarly situated persons

By: ______________________________
John Urso

DATED: ________________ DEFENDANT GINA URSO, individually and on behalf of similarly situated persons

By: ______________________________
Gina Urso

DATED: 3/23/2021 PLAINTIFF DAVID LECHUGA, individually and on behalf of similarly situated persons

By: David Lechuga
David Lechuga

DATED: ________________ PLAINTIFF SHAMSUDIN MUHAMMAD, individually and on behalf of similarly situated persons

By: ______________________________
Shamsudin Muhammad